

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK



BIRJINIO JUAREZ, individually and on
behalf of all other persons similarly situated,

Plaintiff,

–against–

UES REST. CORP. and BRIAN MCKENNA,
jointly and severally,

Defendants.

## COMPLAINT AND JURY DEMAND

1.      The plaintiff alleges on behalf of the plaintiff and other similarly situated current and former employees of the defendants who elect to opt in to this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., that the plaintiff and those collective action members are entitled to (i) unpaid wages from the defendants for hours the plaintiff and the collective action members worked, for which the defendants did not pay the full minimum wages; (ii) unpaid wages from the defendants for overtime work for which the defendants did not pay the plaintiff and the collective action members overtime premium, (iii) liquidated damages, and (iii) attorneys' fees and costs of the action.

2.      The plaintiff further alleges, pursuant to the New York Labor Law, Art. 6, §§ 190 et seq., and Art. 19, §§ 650 et seq. (collectively "NYLL"), that the plaintiff is entitled to (i) unpaid minimum wages from the defendants for hours the plaintiff worked for which the defendants did not pay the plaintiff the full minimum wage; (ii) unpaid wages from the defendants for overtime work for which the defendants did not pay the plaintiff overtime premium, (iii) unpaid spread of hours wages from the defendants for each day the plaintiff

1

worked a spread of hours over ten, (iv) liquidated damages for failure to pay the foregoing, and (v) attorneys' fees and costs of the action.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367. The Court has jurisdiction over the plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## COLLECTIVE ACTION ALLEGATIONS

6.      Pursuant to 29 U.S.C. § 216(b), the plaintiff commences this action as to the plaintiff's FLSA claims as a collective action on behalf of all similarly situated persons who are or were formerly employed by the defendants at any time since three years before the date of this complaint, to the entry of judgment in this case.

7.      The plaintiff and the collective action members have had substantially similar jobs and compensation and have been subject to the defendants' common policies and practices of willfully violating the FLSA as set forth in this complaint. The claims of the plaintiff stated herein are similar to those of the collective action members.

## PARTIES

8.      The plaintiff Birjinio Juarez is and was at all relevant times an adult residing in Bronx County.

2

9. Upon information and belief, the defendant UES REST. CORP. is and was at all relevant times a New York business corporation with its principal place of business in New York County.

10. Upon information and belief, the defendant Brian McKenna is and was at all relevant times an adult.

STATEMENT OF FACTS

11. At all relevant times, the defendants operated a restaurant doing business as Saloon located at 1584 York Avenue, New York, New York.

12. Upon information and belief, at all relevant times, Brian McKenna was an owner, shareholder, officer, or manager of the defendant corporation.

13. Upon information and belief, at all relevant times, Brian McKenna was an individual who actively participated in the business of the defendant corporation, exercised substantial control over the functions of the employees of the defendant corporation, including the plaintiff and the collective action members, and acted directly or indirectly in the interest of an employee.

14. Upon information and belief, at all relevant times, Brian McKenna had the capacity on behalf of the defendant corporation to establish the wages and hours of the employees of the defendant corporation.

15. The defendants are associated and are joint employers, act in the interest of each other with respect to the employees of the defendants, have common policies and practices as to wages and hours, and share control over the defendants' employees.

16. From approximately July 2009 to May 25, 2013, the defendants employed the plaintiff.

3

17.    The defendants employed the plaintiff as a prep cook.

18.    The plaintiff worked for the defendants approximately between 60 and 70 hours per week.

19.    The defendants paid the plaintiff approximately $7.50 per hour until winter 2010, at which time the defendants paid the plaintiff $8.50 per hour for the first 40 hours, and $100 for the hours worked thereafter.

20.    The defendants willfully failed to pay the plaintiff and the collective action members at the applicable minimum wage.

21.    The plaintiff and each of the collective action members worked in excess of forty hours a week, yet the defendants willfully failed to pay the plaintiff and each of the collective action members overtime compensation for the overtime hours worked.

22.    The plaintiff worked a spread of more than ten hours for some of the days of the plaintiff's employment, yet the defendants willfully failed to pay the plaintiff spread of hours wages.

23.    The defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA and NYLL.

24.    Upon information and belief, while the defendants employed the plaintiff and the collective action members, the defendants failed to maintain accurate and sufficient records.

FIRST CLAIM FOR RELIEF:
FAIR LABOR STANDARDS ACT

25.    The plaintiff, on behalf of the plaintiff and the collective action members, realleges and incorporates by reference paragraphs 1 through 24 as if they were set forth again herein.

26.    At all relevant times, the defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

27.    At all relevant times, the defendants employed the plaintiff and each of the collective action members within the meaning of the FLSA.

28.    Upon information and belief, during each of the three years preceding the date of this complaint, the defendants have had gross revenues in excess of $500,000 per year.

29.    At all relevant times, the defendants had a policy and practice of refusing to pay the applicable minimum wage to the plaintiff and each of the collective action members for the plaintiff and each of the collective action members' hours worked.

30.    At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to the plaintiff and each of the collective action members for the plaintiff's and each of the collective action members' hours worked in excess of forty hours per workweek.

31.    As a result of the defendants' willful failure to lawfully compensate the plaintiff and each of the collective action members at the applicable minimum wage rate, and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

32.    The defendants failed to keep records in accordance with the FLSA, 29 U.S.C. § 203(c), and 29 C.F.R. § 516.

33.    The defendants failed to post notices of the defendants' employees' rights under the law required by 29 C.F.R. § 516.4.

34. Because of the defendants' failure to post notices of the defendants' employees' rights under the law, the plaintiff and the collective action members are entitled to the equitable tolling of their claims from the start of the period of time during which the defendants failed to post such notices.

35. Due to the defendants' FLSA violations, the plaintiff and each of the collective action members are entitled to recover from the defendants the plaintiff's and each of the collective action members' unpaid minimum wage, overtime compensation, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

36. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

## SECOND CLAIM FOR RELIEF:
### NEW YORK LABOR LAW

37. The plaintiff realleges and incorporates by reference paragraphs 1 through 36 as if they were set forth again herein.

38. At all relevant times, the defendants employed the plaintiff within the meaning of N.Y. Lab. Law §§ 2 and 651, and 12 N.Y.C.R.R. 146-3.2.

39. The defendants willfully violated the plaintiff's rights by failing to pay the plaintiff the applicable minimum wage during plaintiff's employment, in violation of N.Y. Lab. Law § 652 and 12 N.Y.C.R.R. 146-1.2.

40. The defendants willfully violated the plaintiff's rights by failing to pay the plaintiff overtime compensation at a rate not less than one and one-half times the plaintiff's hourly wage for each hour worked in excess of forty hours per workweek, in violation of 12 N.Y.C.R.R. 146-1.2.

41. The defendants willfully violated the plaintiff's rights by failing to pay the plaintiff spread of hours compensation, an additional hour of pay for days in which the plaintiff worked a spread of hours in excess of ten, in violation of 12 N.Y.C.R.R. § 146-1.6.

42. The plaintiff is entitled to recover from the defendants the plaintiff's unpaid minimum wage, overtime, and spread of hours compensation, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL.

43. The defendants failed to keep records in accordance with 12 N.Y.C.R.R. § 146-2.1.

44. The defendants failed to post notices of the defendants' employees' rights under the law required by 12 N.Y.C.R.R. § 146-2.4.

PRAYER FOR RELIEF

Wherefore, the plaintiff, on behalf of the plaintiff and the collective action members, prays this Court grant as relief:

a. designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to become party plaintiffs pursuant to 29 U.S.C. § 216(b) and appointing the plaintiff and the plaintiff's attorney to represent the collective action members;

b. a declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

7

c.    an award of unpaid minimum wage and overtime compensation due under the FLSA;

d.    an award of liquidated damages due to the defendants' willful failure to pay the foregoing, pursuant to 29 U.S.C. § 216;

e.    for the plaintiff, an award of unpaid minimum wage, overtime, and spread of hours compensation, pursuant to the NYLL;

f.    for the plaintiff, an award of liquidated damages due to the defendants' willful failure to pay the foregoing, pursuant to the NYLL;

g.    for the plaintiff, an award of prejudgment interest pursuant to the New York Civil Practice Law and Rules, § 5001;

h.    an award of postjudgment interest;

i.    an award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j.    such other and further relief as this court deems just and proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiff, on behalf of the plaintiff and the collective action members, demands a trial by jury on all questions of fact raised by the complaint.

LAW OFFICE OF JUSTIN A. ZELLER, P.C.

By: _____

Justin A. Zeller (JZ7094)
jazeller@zellerlegal.com
Brandon D. Sherr (BS2680)
bsherr@zellerlegal.com
277 Broadway Ste 408
New York, NY 10007-2036
Telephone: (212) 229-2249
Facsimile: (212) 229-2246
**ATTORNEYS FOR PLAINTIFF**

Dated: New York, New York
June 25, 2013

9

IN THE UNITED STATES DISTRICT COURT FOR THE

_Southern_ DISTRICT OF _New York_

_Birjinio Juarez et al_,
Individually and on behalf of others similarly situated,

Plaintiff,

v.

_UES Rest. Corp & Brian McKenna, jointly & Severally_
Defendant(s).

## CONSENT TO BECOME PARTY PLAINTIFF

Pursuant to 29 U.S.C. § 216(B), I, _Virginio Juarez_, consent to become a party plaintiff in this action.

_____
Signature

__6 /10/ 2013_____
Date